IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

Plaintiff,

v.

Case No. 23-cv-2471-JWB-TJJ

PAUL W. BURMASTER,

Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Matthew Escalante, proceeding *pro se*, filed this action on October 19, 2023, against the state district court judge presiding over his civil child custody and related proceedings.[1] This matter is before the Court on Plaintiff's "Emergency Immediate Motion for Substitution of Judge" (ECF No. 11)[2] and memorandum in support (ECF No. 20), requesting substitution of the undersigned Magistrate Judge currently assigned to his case because "he fears he will not receive a fair and impartial trial" based upon his previous proceedings in federal court.[3] Plaintiff has previously filed four other civil cases in the District of Kansas against either his ex-wife, her attorney, the guardian ad litem, or the state court judge presiding over his ongoing child custody

---

[1] Unlike his previously-filed cases, Plaintiff paid the filing fee and is not proceeding *in forma pauperis* under 28 U.S.C. § 1915(a)(1) in this action.

[2] District Judge Broomes entered an order referring Plaintiff's motion to the undersigned on November 16, 2023.  ECF No. 22.

[3] Plaintiff specifically requests that the magistrate judge assigned in one of his later filed civil cases (23-cv-2491) be substituted in place of the undersigned. However, since Plaintiff filed this motion, Case 23-cv-2491 was administratively reassigned under D. Kan. Rule 40.1 to the undersigned for pretrial case management.

proceedings.[4] In three of his cases, the undersigned has issued either a Notice and Order to Show Cause, or Report and Recommendation ("R&R") after screening Plaintiff's complaint under 28 U.S.C. § 1915(e).[5] As explained below, Plaintiff's motion is construed as a motion for judicial recusal or disqualification under 28 U.S.C. §§ 144 and 455(a) and is denied.

I.      APPLICABLE LAW

Two federal statutes govern judicial recusal or disqualification, 28 U.S.C. §§ 144 and 455.[6] For recusal under § 144, the moving party must timely submit a sufficient affidavit showing bias and prejudice of the judge.[7] The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."[8] These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.[9] Without an affidavit

---

[4] *See Escalante v. Escalante,* No. 22-cv-2450-TC-TJJ (dismissed upon plaintiff's motion to dismiss); *Escalante v. Escalante,* No. 22-cv-2485-TC-TJJ (dismissed by court for lack of subject matter jurisdiction after show cause order issued); *Escalante v. Burmaster,* No. 23-cv-2130-TC-TJJ (dismissed by order adopting R&R recommending dismissal under *Younger* abstention doctrine and judicial immunity); *Escalante v. Escalante,* No. 23-cv-2176-KHV-TJJ (sustained plaintiff's motion to dismiss after Second R&R recommending dismissal under the *Younger* abstention doctrine). Plaintiff has also filed petitions for writ of habeas corpus related to the state court proceedings, *Escalante v. Burmaster,* docketed as 23-cv-03193-JWL; 23-cv-3195-JWL, and 23-cv-03232-JWL, which have all be dismissed by the court or plaintiff. Plaintiff has since filed another case, *Escalante v. Escalante*, No. 23-cv-2491-JAR-TJJ.

[5] *See Escalante v. Escalante*, No. 22-cv-2485-TC-TJJ, 2023 WL 395971 (D. Kan. Jan. 25, 2023); *Escalante v. Burmaster*, No. 23-cv-2130-TC-TJJ, 2023 WL 4053582 (D. Kan. June 6, 2023), report and recommendation adopted, 2023 WL 3993210 (D. Kan. June 14, 2023); and *Escalante v. Escalante*, No. 23-cv-2176-KHV-TJJ, Report and Recommendation (ECF No. 11) and Second Report and Recommendation (ECF No. 20).

[6] *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005); *Cox v. Zmuda*, No. 23-3167-JWL, 2023 WL 7157289, at *1 (D. Kan. Oct. 31, 2023).

[7] 28 U.S.C. § 144; *Burleson*, 123 F. App'x at 959 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).

[8] *Burleson*, 123 F. App'x at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[9] *Id.*

2

showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, a plaintiff does not support a request for recusal under 28 U.S.C. § 144.[10]

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or if she "has a personal bias or prejudice concerning a party."[11] Section (b)(1) is subjective and contains the "extrajudicial source" limitation.[12] Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."[13] Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[14]

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective but rather objective.[15] The test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[16] A judge has a "'continuing duty to ask

---

[10] *Id.* (citing *Glass*, 849 F.2d at 1267).

[11] 28 U.S.C. § 455(a) and (b)(1).

[12] *See Liteky v. United States*, 510 U.S. 540, 554 (1994) ("The 'extrajudicial source' doctrine, as we have described it, applies to § 455(a).").

[13] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).

[14] *Id.* (quoting *Liteky*, 510 U.S. at 555).

[15] *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) ("the statute [28 U.S.C. § 455(a)] was broadened in 1974 by replacing the subjective standard with an objective test") (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988)).

[16] *Nichols,* 71 F.3d. at 350–51 (citations omitted).

[herself] what a reasonable person, knowing all of the relevant facts, would think about [her] impartiality.'"[17] "The goal of section 455(a) is to avoid even the appearance of partiality."[18]

The test for impartiality in the Tenth Circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[19] The standard is purely objective, and the inquiry "is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question."[20] Recusal is required only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[21] The requirements for disqualification under Section 455(a) will not ordinarily be satisfied by "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters."[22] It is clear that "adverse rulings against a litigant cannot in themselves form the appropriate ground for disqualification."[23]

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated

---

[17] *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[18] *Liljeberg,* 486 U.S. at 860.

[19] *Id.*

[20] *Id.*

[21] *Liteky*, 510 U.S. at 555.

[22] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993.

[23] *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). *See also Liteky*, 510 U.S. at 555 ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

suggestion of personal bias or prejudice."[24] It is "not intended to give litigants a veto power over

sitting judges, or a vehicle for obtaining a judge of their choice." [25] When a legitimate reason for

recusal is lacking, judges have a duty to sit.[26] A judge has "as much obligation . . . not to recuse

when there is no occasion for [her] to do so as there is for [her] to do so when there is."[27] Courts

must exercise caution in considering motions for recusal in order to discourage their use for judge

shopping or delay.[28]

## II.      PLAINTIFF'S ARGUMENTS FOR RECUSAL

In support of his motion for recusal, Plaintiff states he feels strongly that his prior

inexperience in his previous cases in federal court has harmed his opportunity for absolute fairness

guaranteed to him. He fears he will not receive a fair and impartial trial before the undersigned

Magistrate Judge.

Plaintiff's rationale for his motion suggests that he misunderstands the role of a magistrate

judge in civil cases in this District. With some exceptions, most civil cases are assigned to both a

district judge and a magistrate judge.[29] The assigned magistrate judge conducts the scheduling

---

[24] *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[25] *Cooley*, 1 F.3d at 993.

[26] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *Nichols*, 71 F.3d at 351 (citations omitted).

[27] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).

[28] *Nichols,* 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge shopping device).

[29] *See* D. Kan. Rule 72.1.2(b) (assignment of civil cases to magistrate judges) and D. Kan. Rule 77.3(a) (explaining civil case numbering system).

conference, issues a scheduling order, holds other pretrial conferences as necessary, determines all pretrial, procedural and discovery motions, and makes recommendations to the district judge with respect to dispositive matters.[30] The magistrate judge, however, does not have the authority to preside over civil trials unless the parties file a formal consent to magistrate judge's authority under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). Absent the parties' consent, the undersigned's role in this case is limited to pretrial scheduling, procedural, and discovery motions and conferences, and issuing show cause orders and recommendations on dispositive matters to the assigned district judge—who then reviews any objections to those recommendations.

Plaintiff's filings thus are based on an incorrect assumption that the undersigned will preside over any trial in his case. Plaintiff makes no other allegations that would provide a sufficient basis for recusal under the applicable law. To the extent Plaintiff's motion is based upon adverse judicial orders and recommendations issued by the undersigned in his previous cases, this is not a valid basis for recusal. As explained by the Supreme Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[31] Plaintiff has further failed to show any facts that would cause a reasonable person to doubt the undersigned judge's impartiality. The Court finds that no reasonable person would believe that the undersigned's show cause orders and R&Rs in Plaintiff's prior cases implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Moreover, two of Plaintiff's prior cases were dismissed by the District Judge after review of Plaintiff's responses or objections to the undersigned's show cause orders or recommendations. Plaintiff's other two cases were dismissed by Plaintiff on his own motions.

---

[30] D. Kan. Rule 72.1.2(b).

[31] *Liteky*, 510 U.S. at 555.

Plaintiff's frustrations in attempting to navigate, as a *pro se* litigant, the procedural and jurisdictional hurdles of federal court are understandable but are not a legitimate reason to request judicial recusal. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff's "Emergency Immediate Motion for Substitution of Judge" (ECF No. 11) is denied.

**IT IS SO ORDERED.**

Dated December 4, 2023, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge