IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

        Plaintiff,

v.                                                                             Case No. 23-2471-JWB

PAUL BURMASTER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for joinder. (Doc. 27.) Plaintiff is proceeding pro se and has filed this 42 U.S.C. § 1983 action against Paul Burmaster, a state district judge the Tenth Judicial District, Johnson County, Kansas, who is presiding over child custody proceedings involving Plaintiff. This is not the first action that Plaintiff has filed against Judge Burmaster. In March 2023, Plaintiff filed a similar action. *See Escalante v. Burmaster*, Case No. 23-2130-TC. That action was dismissed by Judge Crouse under the *Younger* abstention doctrine and on the basis that it was barred by judicial immunity. *See id.* Doc. 31. Plaintiff has also filed at least five other actions in this court related to the state court proceedings within the last year. *Escalante v. Burmaster*, Cases 23-cv-03193-JWL; 23-cv-3195-JWL, 23-cv-03232-JWL; *Escalante v. Escalante, et al.*, Cases 23-cv-2176-KHV, 23-cv-2491-JWB. Notably, on November 6, 2023, Judge Vratil entered an order admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court has previously rejected based on the ongoing state court custody proceedings. Case No. 23-cv-2176, Doc. 22.

On October 19, 2023, Plaintiff filed this action against Judge Burmaster. (Doc. 1.) Since filing this action, Plaintiff has filed three amended complaints. (Docs. 6, 8, 15.) Plaintiff now

1

moves for an order joining all of Plaintiff's allegations contained in the four complaints into one § 1983 complaint.  (Doc. 27.)  Plaintiff has not attached a proposed amended complaint but essentially seeks an order finding that the court will treat his four separate complaints as one complaint.  In this court, an amended complaint is not construed as an addendum to the original complaint, but instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  Here, the last operative pleading is Plaintiff's Fourth Civil Rights Complaint.  (Doc. 15.)  Therefore, that is the operative pleading in this case.

Plaintiff's motion to combine the pleadings (Doc. 27)  is denied.  However, the court will allow Plaintiff to file a motion to amend his complaint and attach a proposed amendment that includes all of the factual allegations that are relevant to his claims.  Plaintiff's motion to amend must be filed by December 15, 2023.

Further, Plaintiff has inundated the court with numerous filings in this matter, many of which are frivolous. "The right of access to the courts is neither absolute nor unconditional." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted).  Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."  *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).  In addition to filing numerous complaints, Plaintiff has filed "statements" regarding his allegations.  (Doc. 9, 16, 19, 30, 33.)  Plaintiff also has filed motions to compel the United States of America to intervene in this action.  (Docs. 10, 18, 26.)

After review of Plaintiff's pleadings, it is likely that his claims suffer the same jurisdictional defects identified by Judge Crouse.  However, Defendant's deadline to file an answer has not yet passed.  (Doc. 25.)  The court has reviewed the factors set forth in *United States v.*

*Kettler*, 934 F.2d 326 (Table), 1991 WL 94457 *6 (10th Cir. 1991), and concludes that filing restrictions in this case are appropriate.

At this time, Plaintiff is restricted from filing any documents or motions in this action unless his filing is a motion to amend the complaint, proper responses or reply briefs to motions currently pending, or a response to a dispositive motion if one is filed by Defendant.  If Defendant files an answer and declines to file a dispositive pleading, Plaintiff is precluded from filing any documents until the court has had time to rule on the matters currently pending.  After such time, a scheduling conference will be held.

Should Plaintiff seek to file any other motions, pleadings, or any other document other than those authorized herein, Plaintiff must first seek leave from the court.  In order to do that, Plaintiff must file a motion to asking the court to approve his proposed filing, along with the reason why the filing is necessary at the time, and attach the proposed filing to the motion.  The court will rule on the motion expeditiously.  To the extent the court determines that a hearing is appropriate before ruling on any such motion, such hearings will generally be held in person at the federal courthouse in Wichita, Kansas.

IT IS SO ORDERED.  Dated this 6th day of December, 2023.

                                           __s/ John W. Broomes_____  
                                           JOHN W. BROOMES  
                                           UNITED STATES DISTRICT JUDGE