IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

    Plaintiff,

v.

PAUL W. BURMASTER,

    Defendant.

Case No. 23-cv-2471-JWB-TJJ

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 36). Plaintiff, proceeding *pro se*, requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

Unlike a criminal defendant, a plaintiff bringing a civil case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides the Court with discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel,[2] and Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[3] In determining whether to appoint counsel under 28 U.S.C. § 1915(e),

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[3] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys

the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] The burden is on the plaintiff to convince the Court that his or her claim has sufficient merit to warrant the appointment of counsel.[5] The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[6]

Plaintiff fails to convince the Court that appointment of counsel is warranted under the factors set out above. First, the merits of Plaintiff's claims in this case appear questionable. Notably, this is one of five lawsuits Plaintiff has filed in this court against Defendant Burmaster, a Kansas state court judge.[7] Plaintiff's four other cases against Judge Burmaster have been dismissed, without prejudice. Although this is the first such case in which Plaintiff has purported to allege 42 USC 1983 claims, the same judicial immunity and *Younger* abstention doctrine bases that led to the dismissal of the prior cases may apply here as well. Second, based on the Court's review of the pleadings and related documents Plaintiff has filed in this case and other cases Plaintiff has filed in this court, Plaintiff appears to have the ability to present his claims. Indeed, to date Plaintiff has filed eight lawsuits in this court, with scores of pleadings filed cumulatively

---

from donating their time.").

[4]*Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill,* 393 F.3d at 1115.

[6]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[7] *See Escalante v. Burmaster*, cases 23-cv-2130-TC, 23-cv-3193-JWL, 23-cv-3195-JWL, and 23-cv-3232-JWL.

in those eight dockets. Plaintiff has been able to adequately communicate to the Court the pertinent allegations giving rise to his claims. Third, neither the nature of the factual or legal issues raised, nor the merits of Plaintiff's claims asserted in this case, justify appointing him counsel. Plaintiff asserts claims against a single defendant and the claims asserted are not factually complex. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 36) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 19th day of December, 2023.

_____
Teresa J. James
U.S. Magistrate Judge