IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

                Plaintiff,

v.                                                    Case No.  23-2471-JWB

PAUL BURMASTER,

                Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss (Doc. 38) and Plaintiff's motion to amend.  (Doc. 41.)  Defendant seeks dismissal of Plaintiff's complaint and Rule 11 sanctions.  The motions have been fully briefed and are ripe for decision.  (Docs. 39, 40, 50, 52.) Plaintiff's motion to amend is DENIED.  Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Defendant's motion to dismiss this action is GRANTED and his motion for sanctions is DENIED.

I.       **Facts and Procedural History**

Plaintiff is proceeding pro se and has filed this 42 U.S.C. § 1983 action against Paul Burmaster, a state court judge for the District of Johnson County, Kansas, who was presiding over child custody proceedings involving Plaintiff.  This is not the first action that Plaintiff has filed against Judge Burmaster.  In March 2023, Plaintiff filed a similar action.  *See Escalante v. Barmaster*, Case No. 23-2130-TC.  That action was dismissed by Judge Crouse under the *Younger* abstention doctrine and on the basis that it was barred by judicial immunity.  *See id.* Doc. 31. Plaintiff has also filed at least six other actions (three involving Judge Burmaster) related to the state court proceedings within the last year.  *See Escalante v. Burmaster*, Cases 23-03193-JWL;

1

23-3195-JWL, 23-3232-JWL; 23-2559-JWB; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV, 23-2491-JWB.   Notably, on November 6, 2023, Judge Vratil entered an order admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court has previously rejected based on the ongoing state court custody proceedings.  Case No. 23-2176, Doc. 22.

On October 19, 2023, Plaintiff filed this action against Judge Burmaster.  (Doc. 1.)  Since filing this action, Plaintiff filed three amended complaints.  (Docs. 6, 8, 15.)  Plaintiff then moved for an order joining all of Plaintiff's allegations contained in the four complaints into one § 1983 complaint.  (Doc. 27.)  The court denied the motion and identified Plaintiff's Fourth Civil Rights Complaint ("FCRC") (Doc. 15) as the operative pleading in this case.  (Doc. 37.)  The court did provide Plaintiff with an opportunity to file a motion to amend.  Plaintiff has now moved to amend. (Doc. 41.)  The following is a summary of the allegations in the FCRC and the proposed amended complaint.

In the FCRC, Plaintiff asserts that on March 20, 2023, Judge Burmaster entered an order restricting Plaintiff's contact with the court.  That order restricted Plaintiff's contact with the state court based on his incessant emails, requests, and demands for action to numerous personnel in the district court.  *See Escalante v. Burmaster*, Case No. 23-2130-TC, Doc. 7-1.  Plaintiff was restricted to contacting the state court by U.S. Mail, FedEx, or by U.P.S. for any filings.  *Id.*  In his FCRC, Plaintiff alleges that the order was procured out of fraud and that Judge Burmaster was acting without authority when he entered that order.  Plaintiff alleges that the order deprived him of his constitutional rights and violated 18 U.S.C. § 242.  (Doc. 15 at 6.)  Plaintiff seeks immediate injunctive relief and asks the court to remove Judge Burmaster from any case involving Plaintiff and to refer him to the Kansas Commission on Judicial Conduct.  (*Id.* at 7.)  The allegations set

forth in his FCRC are based on the same conduct that was the basis for his claim in case number 23-2130-TC.

In his proposed amended complaint, his § 1983 claim rests on Judge Burmaster's actions during an October 18, 2023 hearing in the state case.  Plaintiff contends that Judge Burmaster violated his rights under the 14th Amendment by serving Plaintiff with a copy of an Extended Protection from Stalking Order because that order lacked certification under 18 U.S.C. § 2265. (Doc. 41-1 at 4.)  Plaintiff further alleges that the service of that order somehow violated a Kansas criminal statute, K.S.A. § 21-5907.  Notably, less than two weeks after filing his motion to amend, Plaintiff filed another suit against Defendant Burmaster alleging a violation of civil rights in connection with actions taken by Judge Burmaster in the state custody proceedings.  *See Escalante v. Burmaster*, Case No. 23-2559-JWB.

Judge Burmaster moves to dismiss on the basis that the claims are barred by res judicata, judicial immunity, sovereign immunity, abstention under the *Rooker-Feldman* or *Younger* doctrines, and that they otherwise fail to state a claim.  Judge Burmaster asserts that Plaintiff's amended complaint suffers the same flaws as his operative complaint.  Judge Burmaster also moves to restrict Plaintiff from filing further actions in this court and seeks an award of attorney's fees.

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d

1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III.   Analysis

### A.  Res Judicata

Defendant moves for dismissal on the basis that Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel.  Plaintiff fails to respond to this argument and essentially asserts that his amended complaint has sufficiently stated a claim.

Here, Defendant has invoked both res judicata and collateral estoppel.  Res judicata encompasses claim preclusion and the related doctrine of collateral estoppel is typically used for issue preclusion.  *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).  Under the doctrine of collateral estoppel or issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.").  To succeed on the defense, the following must be established: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the

party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Moss*, 559 F.3d at 1161. These elements have been met here.

First, the complaints in both cases allege that Defendant violated Plaintiff's rights by issuing the March 2023 order in the state custody case. And the issue raised by Defendant here and in that case are the same: whether the claim is barred by absolute judicial immunity. Judge Crouse dismissed Plaintiff's claim against Judge Burmaster on these grounds and entered judgment. *See* Case No. 23-2310, Docs. 31, 32.

Second, Judge Crouse dismissed Plaintiff's complaint in the prior case for lack of subject matter jurisdiction. *See id.*, Doc. 31. Judge Crouse adopted the analysis by Magistrate Judge James that Judge Burmaster was entitled to absolute judicial immunity for his actions in the state court case. Judge Crouse held that Defendant's actions were within the scope of his judicial duties and he was thus entitled to immunity. He further held that even if he was not entitled to immunity that this court would abstain from action under the *Younger* abstention doctrine. While jurisdictional dismissals are generally not considered a ruling on the merits, the Tenth Circuit has held that such dismissals "preclude relitigation of the issues determined in ruling on the jurisdiction question." *Jones v. U.S. Dep't of Just.*, 137 F. App'x 165, 168 (10th Cir. 2005) (quoting *Park Lake Res., Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004)). Thus, issue preclusion "prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim." *Cory v. Fahlstrom*, 143 F. App'x 84, 87 (10th Cir. 2005). Therefore, there has been a final determination as to the jurisdictional issue in the prior case.

Third, Plaintiff was obviously a party to both cases.

Finally, Plaintiff had a full and fair opportunity to litigate the question of absolute judicial immunity in the prior case. Magistrate Judge James issued a show cause order on this issue and a later report and recommendation recommending dismissal. Plaintiff submitted responses to these orders on the record along with several other filings which were considered by the court. Therefore, Plaintiff is barred from relitigating the question here and his FCRC is subject to dismissal.

Plaintiff has also moved to amend his complaint to assert allegations based on later actions in the same state court case. Although he now contends that Judge Burmaster violated his rights by improper service of a protection from stalking order that was somehow defective, his proposed amended complaint suffers the same problem as his FCRC—Judge Burmaster is entitled to absolute judicial immunity. Plaintiff's absurd allegations that Judge Burmaster somehow violated federal and state criminal statutes in serving Plaintiff with the order during a state court proceeding do not avoid the jurisdictional problems. The issue of absolute judicial immunity in the state court case has been previously addressed by this court and the court will not restate it here. There is nothing in Plaintiff's proposed amended complaints that supports a finding that Judge Burmaster was acting without judicial authority in the state court case.

Therefore, Plaintiff's motion to amend is denied as futile in that it is subject to dismissal on the basis of issue preclusion. Further, to the extent that it would not be subject to dismissal on issue preclusion, the court finds that Judge Burmaster is entitled to absolute judicial immunity.

**B. Filing Restrictions**

Defendant asks the court to impose filing restrictions on Plaintiff due to his incessant filings against him and other defendants regarding the state court case. This court has already restricted

the filings of documents with respect to the cases assigned to the undersigned.  However, the court agrees that filing restrictions are necessary here.  This is the fifth action filed against Judge Burmaster and Plaintiff recently filed a sixth case.  *See Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL, 23-03232-JWL; 23-2310-TC; 23-2559-JWB.  The four actions filed previous to this action were all dismissed prior to Defendant being served.  *See* Cases 23-03193-JWL; 23-3195-JWL, 23-03232-JWL; 23-2310-TC.   Plaintiff has also filed two cases against his prior spouse, her attorney, and the guardian ad litem assigned to the children in the state court case.  *See Escalante v. Escalante, et al.*, Cases 23-2176-KHV, 23-2491-JWB.  Plaintiff has been warned about the frivolousness of these cases yet continues to file them as evidenced by his recently filed case against Judge Burmaster.  *Escalante v. Burmaster*, 23-2559-JWB.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citation omitted).   In its discretion, the court may place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process.  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981).  Such restrictions can include conditions on the filing of future suits.  *Id.*  To determine whether to limit a litigant's future access to courts, the court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

These five factors overwhelmingly favor placing some restrictions on Plaintiff. First, as detailed above, Plaintiff has filed several actions against Defendant that were previously dismissed. Further, Plaintiff voluntarily dismissed his action against his wife, her attorney, and the guardian ad litem after Magistrate Judge James issued a report and recommendation in which she recommended dismissal under the *Younger* abstention doctrine. *See* Case 23-2176-KHV, Doc. 20. Plaintiff then refiled the same suit and it was assigned to the undersigned. Plaintiff continues to file actions against Defendant and related parties based on his state court custody proceedings even though those earlier actions have all been dismissed. Second, it is unlikely that Plaintiff possesses an objective good faith expectation of prevailing on the claims asserted in this action when this court has dismissed these identical claims previously. Third, in each of the cases previously discussed, Plaintiff has proceeded pro se. Fourth, Plaintiff's lawsuits have imposed significant burden on the court and costs to Defendant in defending these frivolous actions. Fifth, dismissing the claims does not act as a deterrent because Plaintiff simply refiles the same claims in a new case.

Given Plaintiff's repeated abuse of the court process, the court intends to restrict Plaintiff's future filings as follows:

If Mr. Escalante seeks to file a new lawsuit in the District of Kansas and is proceeding pro se, he shall file a petition with the Clerk of Court requesting leave to file a complaint or other pleading that includes:

1. A copy of this Order and any subsequent Order involving filing restrictions;

2. A copy of the proposed complaint or pleading;

3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;

4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

Mr. Escalante shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this court for determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The court will either allow the filing or issue an order of denial.  Failure to follow these procedures will result in the summary rejection of any future case Mr. Escalante attempts to file in this court.  Further, Mr. Escalante is on notice that repeated attempts to file actions based on the state court proceedings will result in sanctions, including monetary sanctions and/or attorney fee awards.

Plaintiff may file an objection to this order on or before January 15, 2024.

## C. Sanctions

Finally, Defendant seeks attorney's fees in this matter as a sanction for a violation of Federal Rule of Civil Procedure 11.  Under Rule 11, a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Here, Defendant did not file a motion for sanctions separate from the motion to dismiss.  Further, there is no indication that Defendant served Plaintiff with the motion for sanctions prior to filing this

motion.  Therefore, the court declines to enter sanctions on the basis that Defendant did not comply with Rule 11.[1]  *See Hughes v. SSI*, No. 02-2042-JWL, 2002 WL 922129, at *2 (D. Kan. Apr. 18, 2002) (finding that Rule 11's provisions were mandatory).

## IV.   Conclusion

Plaintiff's motion to amend (Doc. 41) is DENIED.  Defendant's motion to dismiss (Doc. 38) is GRANTED IN PART and DENIED IN PART.  Defendant's motion to dismiss this action is GRANTED and his motion for sanctions is DENIED.  This action is dismissed.

The filing restrictions set forth herein will go into effect unless Plaintiff files an objection on or before January 15, 2024.  If an objection is filed, the court will rule on the merits of such objection.

IT IS SO ORDERED.  Dated this 5th day of January 2024.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] The court further notes that although Plaintiff was warned by Judge Vratil regarding potential Rule 11 sanctions, that order was entered after Plaintiff filed this action.