IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

        Plaintiff,

v.                                          Case No.  23-2471-JWB

PAUL BURMASTER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objections to this court's Memorandum and Order dismissing this action.  (Docs. 55, 56.)

Plaintiff is proceeding pro se and filed this 42 U.S.C. § 1983 action against Paul Burmaster, a state court judge for the District of Johnson County, Kansas, who was presiding over child custody proceedings involving Plaintiff.  In March 2023, Plaintiff filed *Escalante v. Burmaster*, Case No. 23-2130-TC.  That action was dismissed by Judge Crouse under the *Younger* abstention doctrine and on the basis that it was barred by judicial immunity.

Judge Burmaster moved for dismissal of this action on the basis that Plaintiff's claims were barred by res judicata or collateral estoppel and judicial immunity.  The court agreed, finding that Plaintiff's claims were barred by collateral estoppel because of the court's prior finding in Case No. 23-2130 that Judge Burmaster was entitled to judicial immunity for his actions in the underlying state court case.  (Doc. 53.)  Further, the court notified Plaintiff that it was going to impose filing restrictions on any future filings due to the incessant filings against Judge Burmaster

and other parties who were involved in the state court case.[1]  (*Id.* at 6–10) (discussing the factors in *United States v. Kettler*, 934 F.2d 326, 1991 WL 94457, at *6 (10th Cir. 1991)).  Plaintiff was provided an opportunity to object to the filing restrictions on or before January 15, 2023.  Plaintiff has now filed two objections to the court's order.[2]  Plaintiff's filings, however, are objections to the court's ruling on the merits and not objections to the proposed filing restrictions.  Therefore, for the reasons stated in this court's prior ruling, the filing restrictions set forth herein will be imposed.

With respect to Plaintiff's objections on the merits, Plaintiff asserts that the doctrine of res judicata (or collateral estoppel) does not apply because the prior judgment was obtained by fraud.  (Doc. 55 at 2, 8.)  Essentially, Plaintiff contends that the underlying state court judgment was fraudulent due to Judge Burmaster's erroneous rulings.  This court's ruling on collateral estoppel, however, determined that Plaintiff was precluded from bringing another § 1983 claim against Judge Burmaster based on the prior finding on judicial immunity in *Escalante v. Burmaster*, Case No. 23-2130-TC.  (Doc. 53.)  Therefore, Plaintiff's argument regarding the underlying state court proceedings lacks merit.  There is no basis to suggest that the prior decision in *Escalante v. Burmaster* was procured by fraud.  *See United Bus. Commc'ns, Inc. v. Racal-Milgo, Inc.*, 591 F. Supp. 1172, 1183 (D. Kan. 1984) (discussing that a fraudulently obtained judgment is not entitled to preclusive effect).  Further, to the extent Plaintiff challenges the decision in Case No. 23-2130, such argument is foreclosed as that judgment is final and Plaintiff failed to file an appeal.

---

[1] Plaintiff has filed at least six other actions (four involving Judge Burmaster) related to the state court proceedings within the last year.  *See Escalante v. Burmaster*, Cases 23-03193-JWL; Case 23-3195-JWL, 23-3232-JWL; 23-2559-JWB; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV; 23-2491-JWB.

[2] Although the second filing is titled "Amended Plaintiff's Objection," it appears to be an identical document to the first objection.  (Docs. 55, 56.)

After review, the court finds that Plaintiff has not shown that this court's decision was erroneous.  Therefore, Plaintiff's objections are overruled.

**Filing Restrictions**

The following filing restrictions are now imposed in this district.

If Mr. Escalante seeks to file a new lawsuit in the District of Kansas and is proceeding pro se, he shall file a petition with the Clerk of Court requesting leave to file a complaint or other pleading that includes:

1. A copy of this Order and any subsequent Order involving filing restrictions;

2. A copy of the proposed complaint or pleading;

3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;

4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

Mr. Escalante shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this court for determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious.  The court will either allow the filing or issue an order of denial.  Failure to follow these procedures will result in the summary rejection of any future case Mr. Escalante attempts to file in this court.  Further, Mr. Escalante is on notice that repeated attempts to file actions based on the state court proceedings will result in sanctions, including monetary sanctions and/or attorney fee awards.

IT IS SO ORDERED.  Dated this 18th day of January 2024.

   s/ John W. Broomes          
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE